IN THE UNITED STATES

DISTRICT COURT OF

MISOURI AT SPRINGFIELD

| | |
|---|---|
| MARK JOHNSON | CASE # 12-3456-CV-S-MTW |
| VS. | JUDGE # |
| CORPORATE FAST | 29 USC 701-706 |
| TRACK CO. | 15 USC 13-26 |
| | 29 USC 1367 |
| | MS 570.125 |
| | MS 570.140 |

---

ORIGINAL COMPLIANT OF BREECH OF CONTRACT & THEFT BY DECEPTION

---

| | |
|---|---|
| MARK JOHNSON | CORPORATE FAST TRACK CO. |
| 2797 BANNING RD. | 2733 E. BATTLEFIELD ST. #237 |
| CINCINNATI, OH 45239 | SPRINGFIELD, MO 65804 |
| 513-245-0177 | 1-877-534-7826 |

1 of 8

## I. STATEMENT OF FACTS

In the month of May, 2012, a company called corporate fast track was hired by plantiff mark Johnson to build credit and reputation of the business entity he owns in the state of South CarolinaThe objectivity of corporate fast tract was to introduce 12 modules of training and information on credit building for start-up businesses, one per month at the rate of $34.95 per module. Only one module in a 30 day span could be viewed per the program parameters. Evidence of 4 modules was paid upon by the plantiff and in his control or his possession. The corporate fast tract co. claimed only two modules were paid upon in rebuttal, may and june per credit card.

Within the Five months and on the fifth module paid upon, the company refused to participate or allow enterence into the fifth module whatsoever. Upon review, they refused to acknowledge that 4 modules had been paid upon and insisted that I start from the beginning all-over again. Upon that recommendation, they proceeded to obscure all 4 modules paid for at the rate of $34.95 each, therefore wasting precious time invested over 4 months of the program and effecting a state of theft by deception totalling $140.00 of the already purchased product now removed. The purpose of said program to mark Johnson was to gain a guaranteed $5000 letter of credit offered by corporate fast tract co.as the credit builder reporting to Dunn and Bradstreet offered in module five. This would cause a positive credit referral for banks and lenders to admire of his company's good standing credit accountability. By removing or reversing mark johnson's progress, the defendant removed the timely offer known as the fifth module guarantee to this letter of credit with malicious and malice intent to steal time and money from him while guaranteeing him a $5000 LOC without entering the fifth module for which he had reached over

2

a five month period and had paid in full to receive. To this date , all modules are closed to him, including the two the company agreed upon as paid. No refund has been offered, and the guarantee at the webpage unfulfilled for the LOC credit module. Mark Johnson, the plantiff, expressly implies a breech of contract exist as a member to this program and theft by deception in the actions stated above as a statement of facts.

A motion as a cause of civil action under federal law and state law now exist whereby relief can be granted as recovery and compensatory damages in towe.

## II. *STATEMENT OF CLAIMS*

Mark Johnson, the plantiff charges;

Count One: the corporate fast tract co. with breech of membership contract under 15 USC 13 expressly implied by their consumer guarantee.

Count Two: Corporate Fast Tract Co. created a

Senerio to retain payments made upon services yet to be rendered by their co. THIS IS CONTRUDE AS THEFT BY DECEPTION IN THE AMOUNT OF 140.00 USD THUSFAR under MO 570.125 and MO 570.140 whereas 28 USC 1367 brings these state claims to federal jurisdiction.

3

Count Three: a violation of the rehab act of 1973 has occurred by singling out the plantiff whereby unusual and uncustomary business practices singularly demonstrate discriminatory action upon the plantiff.

## III. PROPOSITIONS OF LAW

1) ARTICLE SIX-U.S. CONSTITUTION-

    SUPREMACY CLAUSE

    ''states must follow federal law''

2) 15 USC 13

3) 15   USC 26

4) 29-USC 701-706-SECTION 501-506

5) 28 USC 1367

1) MO 570.125

6) MO 570.125

7) MO 570.140

## IV. ARGUMENT

A BLATENT DISREGARD EXIST C REATING A FEDERAL QUESTION AND DIVERSITY BETWEEN STATES whereas the guarantee offered by corporate fast tract co. ensures upon electronic deduction of you credit

4

card that module five will be awarded allowing 5000 LINE OF CREDIT REPORTING TO DUNN AND BRADSTREET AS A CREDIT ENHANCEMENT MECHANISM thereby secured upon reaching the fifth module. Payment we made in a timely manner each month untill the program shut down just as I reached the fifth moth, fifth module 122 days into the membership program. 140.00 already deducted implied readiness for the line of credit enhancement I was guaranteed upon the website brochure. This would has caused a good credit reference upon applying to banks and lenders for a further line of credit. Now, I'm missing all module access, all monies deducted from my credit cards , and no line of credit offered by the brochure. I' ve been removed as a individual membership with access to the items already paid in total of my name.

I have evidence of breech of promise as a membership paid upon every month would expressly imply. Two payments as shown by the co. are not the only reference to the 3rd and 4th module being paid upon. One cannot access the 3rd and 4th module without waiting a period of 30 days between and furthermore will not open without electronic deduction from my paypal credit card system in place. Payments were made on the two modules without reflecting as such by the payor. The plantiff has retained evidence by way of module material retained in his possession. Access to this evidence could not have been obtained without payments opening the 3rd and 4th module to copy the pdf's to his personal computer system for reference as a member in good standing. The corporate fast tract co. is guilty of fraud by their guarantee, breech of contract as unethical business practices, theft by deception in receiving payment without delivering the goods promised or the monies in a recovery effort and

possably a abuse of a handicapped small business ownership by the defendant showing of unfair practices toward a individual under the definition of a disability found upon the Rehabilitation act of 1973.

IS THIS A DISCRIMINATORY ACT AGIANST A DISABLED MAN BY SINGLING HIM OUT BY THEIR CRIMINAL ACTIONS AS A COMPANY OR INDIVIDUAL WITHIN the CORPORATE FAST TRACT ORGANIZATION.

THE DEFENDANT'S CO. SHOWS A UN-NORMAL AND UNCOSTOMARY BUSINESS PRACTICE UPON HIM SINGULAR? THE REHAB ACT OF 1973, 29-794- SECTION 501-506 EXPRESSLY IMPLIES THAT A DISCRIMINATION WILL NOT BE TOLERATED BY UNFAIR PRACTICES AGIANST QUALIFIED INDIVIDUALS WITH DISABILITIES UNFDER THE AMERICAN WITH DISABILITIES ACT OR THE REHABILITATION ACT OF 1973 AND IT'S REVISIONS.

WE CITE THAT THIS MAY BE THE CAUSATION IN TOW OF THE STATEMENT OF FACTS AND THE STATEMENT OF CLIAMS.

## V. *CONCLUSION*

THE CASE IS BASED ON FRAUD IN THE GUARANTEE TO RECEIVE THE ALLOTED FIFTH MODULES AND ITS LIE OF CREDIT AT DUNN AND BRADSTREET. THEFT BY DECEPTION CREATE A VIEW OF THE MOTIS APARANDI AS A MEANS TO AN END TO DETOUR MARK JOHNSON'S PROGESS IN REACHING THE LINE OF CREDIT , THEREFORE HIDS GOAL

6

SWITH THE CORERATE FAST TRACT COMPANY. THIS IS A UNUSUAL AND UNCUSTOMARY ATTEMPT ON HIS PERSON WHEREBY HIS DISABILITY CAN BE SEEN AS A MMOTIVATION TO DEPRIVE A HANDICAPPED INDIVIDUAL TO FAIR BUSINESS PRACTICES AS WELL SINGLING HIM OUT WITH SOME HIDDEN CONTEMPT INSIDE THE CORPORATE FAST TRACT ORGANIZATION .

    THE PLANTIFF, AFTER ALL IS SAID AND IMPLIED IN THREE COUNTS ABOVE, REQUEST COMPENSATORY DAMAGES IN THE AMOUNT OF 76,000 USD AS A MINIMUM REQUEST DUE TO THE DIVERSITY OF STATES BETWEEN US AND A FEDERAL QUESTION EXIST AS TO FAIR TRADE PRACTICES INVOLVING A DISCRIMINATION PROTECTIVE ACT IN TOWE OF SUCH SIGULAR INCIDENT OCCURANCE UPON THE PLANTIFF.

    REGARDS,

MARK JOHNSON

2797 BANNING RD.

CINCINNATI, OHIO

45239

## SERVICE OF PROCESS

I DO HEREBY SWEAR THAT A TRUE AND COMPLETE COPY OF THE ORIGINAL COMPLIANT HAS BEEN SENT TO THE FOLLOWING ADDRESSES BELOW ON OR AFTER OCT 9,2012 TO EFFECT SERVICE OF PROCESS.

REGARDS,

*[signature]*

MARK JOHNSON

2797 BANNING RD.

CINCINNATI, OHIO 45239

UNITED STATES DISTRICT COURT

WESTERN MO. AT SPRINGFIELD DIV.

222 N. JOHN Q HAMMONS PARKWAY

SPRINGFIELD, MO 65807